IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | C/A No. 3:05-00608 |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Antwan Laqual Walker | ) | |
| | ) | |
| Defendant. | ) | |

Antwan Laqual Walker ("Defendant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed the within § 2255 motion on November 8, 2011. ECF No. 150. On November 30, 2011, the United States of America (the "Government") filed a motion to dismiss. ECF No. 155. On December 7, 2011, Defendant filed a response. ECF No. 161.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2005, the Government filed a five-count indictment charging Defendant with drug and firearms related offenses. ECF No. 12. On July 18, 2005, the Government filed an information notifying Defendant that he would be subject to an enhanced sentence due to his June 6, 1995 conviction in South Carolina for "possession of cocaine-first offense."[2] ECF No. 31. On January 31, 2006, Defendant pleaded guilty to possession with intent to distribute five grams or more

---

[1] Although Defendant had already timely filed a response, on December 8, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Defendant of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. ECF No. 162.

[2] On June 6, 1995, in South Carolina General Sessions Court, Defendant was sentenced to incarceration for a period of two years, suspended with eighteen months probation. ECF No. 81. On March 20, 1997, Defendant's suspended sentence was partially revoked, and he was sentenced to incarceration for a period of one year. *Id.*

of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). ECF Nos. 69 & 70. Due to Defendant's prior drug conviction, his plea exposed him to a mandatory minimum sentence of 120 months incarceration under 21 U.S.C. § 841(b)(1)(B).[3] On April 24, 2006, Defendant was sentenced to incarceration for a period of 262 months, ECF No. 85, and judgment was entered on April 27, 2006, ECF No. 87. On April 2, 2006, Defendant filed a notice of appeal, and on June 29, 2006, the Fourth Circuit issued its mandate following Defendant's voluntary dismissal pursuant to Rule 42(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. ECF No. 101.[4]

## II. DISCUSSION

Defendant asserts that he is entitled to relief under § 2255 because the prior conviction noticed in the Government's information no longer, under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), warrants an enhanced sentence. The Government asserts that Defendant's § 2255 motion should be dismissed as time-barred. The court agrees.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

---

[3] 21 U.S.C. § 841(b)(1)(B) was amended by the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372, on August 3, 2010.

[4] On April 12, 2010, the court granted the Government's motion pursuant to Rule 35(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE, reducing Defendant's sentence to incarceration for a period of 140 months. ECF No. 144.

2

which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Generally, when an appeal has been filed, judgment of conviction becomes final when the ninety-day time period for filing a petition for a writ of certiorari seeking review of the appellate court judgment expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005). The ninety-day period to petition for review begins when the court of appeals issues its mandate in a case. *See United States v. Torres*, 211 F.3d 836, 837 (4th Cir. 2000). There is no controlling authority addressing when a conviction becomes final if, as in this case, the defendant filed an appeal and subsequently sought voluntary dismissal of that appeal. The issue of whether a defendant who sought voluntary dismissal should benefit from having the finality of his conviction delayed to account for the ninety-day petitioning period does not need to be addressed here. Even if the conviction became final ninety days after the filing of the mandate, *see Latham v. United States*, 527 F.3d 651 (7th Cir. 2008), rather than on the date the mandate was filed, *see United States v. Sylvester*, 258 Fed. App'x 411 (3rd Cir. 2007), Defendant's motion was still untimely. The court of appeals filed its mandate on June 29, 2006, making September 27, 2006, the deadline to file a petition for certiorari. As such, providing Defendant with the benefit of the doubt, the deadline to file a § 2255 motion was September 27, 2007, one year later. Therefore, Defendant's November 8, 2011 motion was untimely.

Furthermore, there is no evidence that Defendant was prevented from filing a § 2255 motion because of any governmental interference, and Defendant does not assert relief under a newly recognized right made retroactively applicable to cases on collateral review. Defendant cites *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), as a basis for relief. *Simmons* applied the Supreme

3

Court's decision in *Carachuri–Rosendo v. Holder*, 130 S. Ct. 2577 (2010), to hold that the analysis of whether a prior conviction qualifies as a felony must focus on whether the defendant before the court could have received a sentence exceeding twelve months given his aggravating circumstances and criminal past, and not whether a hypothetical defendant could have. However, the Fourth Circuit recently held that the Supreme Court's decision in *Carachuri–Rosendo*, and its decision in *Simmons* are not retroactive to cases on collateral review.[5] *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). Finally, Defendant does not assert that his § 2255 motion relies on newly discovered evidence.[6]

Accordingly, Defendant's § 2255 motion is time-barred.

### III. CONCLUSION

For those reasons, Defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Government's motion to dismiss is **GRANTED**.

---

[5] In any case, Defendant's reliance on *Simmons* is misplaced, due to the fact that, under South Carolina law effective at the time of his prior drug offense, Defendant not only could have been, but was sentenced to a term of imprisonment exceeding twelve months for his drug conviction, even though he received a suspended sentence. *See* S.C. Code Ann. §§ 44–53–370(c) & (d)(1) (1994) (providing any person convicted of "knowingly or intentionally" possessing "a controlled substance classified in Schedule I (b) and (c) which is a narcotic drug or lysergic acid diethylamide (LSD) and in Schedule II which is a narcotic drug is guilty of a misdemeanor and, upon conviction, must be imprisoned not more than two years or fined not more than five thousand dollars, or both[]"), *amended by* South Carolina Laws Act 127 of 2005, § 4 (enlarging the maximum term of imprisonment for cocaine possession to three years).

[6] Neither side has raised the issue of whether Defendant's motion might be saved by the doctrine of equitable tolling, nor has the court found evidence of "extraordinary circumstances" that would justify its application. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Defendant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 4, 2013